(35 Misc. Rep. 622.)

### JAGER v. CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. · August, 1901.)

DAMAGES—INJURY TO WATER SUPPLY.

Where the owner of four and one-half acres provided the same with ditches for market gardening, and his supply of water was shut off by the introduction in 1894 by a city of the driven well system, he could not recover as against the city $20,000 for seven years' loss of crops; nor where the crops annually failed to mature is he justified in continuing to plant them, and to recover for their loss against the city.

Action by Lear Jager, Jr., against the city of New York to recover damages for diversion of underground waters by driven wells operated by defendant. Judgment for plaintiff.

See Forbell v. City of New York, 164 N. Y. 522, 58 N. E. 644, 51 L. R. A. 695.

Charles Coleman Miller, for plaintiff.

John Whalen, Corp. Counsel (R. Percy Chittenden and James W. Prendergast, Jr., of counsel), for defendant.

CHESTER, J.  There is one fact in this case which distinguishes it from cases of a like class, so far as I can judge, from the opinions that have recently been handed down by Justice Gaynor in Westphal v. City of New York, 34 Misc. Rep. 684, 70 N. Y. Supp. 1021, and by Justice Marean in Reisert v. City of New York, 35 Misc. Rep. 413, 71 N. Y. Supp. 965, and that is, that the plaintiff here has built a system of drainage canals or ditches upon his farm leading to Spring creek, which, before the installation of the driven well plant of 1894, kept his lands from being too wet for successful market gardening, yet drained the water under his land only to such a level that his crops received substantial aid from it by capillary attraction. Notwithstanding this, his claim for damages is exaggerated. It amounts to about $20,000, upon a farm of four and a half acres, for the period of seven years. He gives the only evidence as to the amount of the crops he claims to have been destroyed. It is largely indefinite and uncertain. He kept no accounts, except that he had some memoranda covering a limited period after he commenced his action. His evidence tends to inflate his damages beyond reason and beyond belief. After the first year or two he knew the effect upon his crops of the loss of the underground water, yet he kept on year after year putting in crops, only to have them, according to his testimony, practically a total failure in coming to maturity. I think he was not justified in accumulating damages in this way. He should have done what he reasonably could to avoid them.

Giving the fact in relation to his system of drainage such weight as it is fairly entitled to, giving credit to such of his testimony as is worthy of belief, and giving force to the doctrine of avoidable consequences, which, I think, should be applied to this case, I assess his damages at the sum of $1,200, without further discussing the voluminous testimony on that subject. Judgment for that amount may be entered, with costs. No injunction is awarded, and the question of fee damages is not considered.

Judgment accordingly.